UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **PLANNED PARENTHOOD** : | Case No. 1:15-CV-568 |
| **SOUTHWEST OHIO REGION, et al.,** : | |
| Plaintiffs, : | Judge Michael R. Barrett |
| vs. : | |
| : | **TEMPORARY RESTRAINING ORDER** |
| **RICHARD HODGES, et al.,** : | |
| Defendants. : | |
| : | |

Upon consideration of the Plaintiff Planned Parenthood of Southwest Ohio's motion for a temporary restraining order (Doc. 24) and the response of Defendant Richard Hodges to Plaintiffs' first motion for preliminary injunction (Doc. 19), and based on the representations of the parties through several phone conferences, this Court has found and concluded, for the specific reasons required under Federal Rule of Civil Procedure 65(d) that Plaintiff has shown (1) a likelihood of success on the merits on at least some of the claims, (2) that it will suffer irreparable harm if an injunction is not issued, and (3) that the balance of harm and the public interest weigh in favor of granting the temporary restraining order.  In balancing the foregoing factors, Plaintiff, at this stage, has shown a likelihood of success on the claim that the Automatic Suspension Provision of Ohio Rev. Code § 3702.309 is an unconstitutional deprivation of Plaintiff's Fourteenth Amendment right to due process because this provision automatically suspends the license of any Ambulatory Surgical Facility whose variance is denied without pre-deprivation notice of the denial and without a pre-deprivation opportunity to be heard on that denial.

THEREFORE, it is hereby ORDERED that the motion (Doc. 24) is GRANTED and Defendant Richard Hodges, and his officers, agents, servants, employees, and attorneys, and

those persons in active concert or participation with Defendant who receive actual notice of this Order, are TEMPORARILY RESTRAINED from enforcing Ohio Rev. Code § 3702.309. It is further ORDERED that Plaintiff's license shall not be suspended pursuant to the Automatic Suspension Provision of Ohio Rev. Code § 3702.309 while this Temporary Restraining Order is in place.

This Temporary Restraining Order shall expire on October 13, 2015 at 5:00 p.m., unless extended by the parties and the Court.

Plaintiff shall not be required to post bond. *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995).

IT IS SO ORDERED.

Date: September 30, 2015

                                                s/Michael R. Barrett
                                                MICHAEL R. BARRETT, JUDGE
                                                UNITED STATES DISTRICT