UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PLANNED PARENTHOOD** | : | Case No. 1:15-cv-568 |
| **SOUTHWEST OHIO REGION,** | : | |
| **et al.,** | : | |
| | : | Judge Michael R. Barrett |
| **Plaintiffs,** | : | |
| | : | |
| v. | : | |
| | : | |
| **RICHARD HODGES,** | : | |
| | : | |
| **Defendant.** | : | |

### PROPOSED PRELIMINARY INJUNCTION ORDER

Upon consideration of the Plaintiff Women's Med Professional Group Professional Corporation's Motion for a Temporary Restraining and/or Preliminary Injunction and subsequent related briefing, this Court has found and concluded for the specific reasons required under Federal Rule of Civil Procedure 65(d), that Plaintiff has shown (1) a likelihood of success on the merits of its claim, (2) that Plaintiff and Plaintiff's patients will suffer irreparable harm if an injunction is not issued, (3) that the balance of harm favors the Plaintiff and (4) that the public interest weighs in favor of granting the temporary restraining order and/or preliminary injunction. Specifically, Plaintiff has shown a likelihood of success on the merits of the claim that enforcement of Ohio Revised Code sections 3702.303 ("the Written Transfer Agreement ("WTA") Statute") and 3702.304 ("the Variance Statute"), and the Ohio Department of Health's requirement that clinics enter into agreements with four backup physicians with admitting privileges at local hospitals ("Four Backup Physician Rule")  against Women's Medical Group Professional Corporation's clinic, Women's Med Center Dayton ("WMCD"),  will result in an unconstitutional deprivation of Plaintiff's and Plaintiff's patients' Fourteenth Amendment rights. First, enforcement will violate Plaintiff's patients' right to substantive due process because it

creates a substantial obstacle in the path of patients seeking previability abortions, thus creating an undue burden on abortion access. Second, Plaintiff has shown a likelihood of success on the merits of the claim that the WTA Statute, Variance Statute, and Four Backup Physician Rule violate Plaintiff's due process rights by delegating standardless and unreviewable authority to private parties (i.e., hospitals and potential backup physicians).

Plaintiffs have similarly shown a likelihood of success on the merits of their claim that the Variance Statute's provision stating that a variance application not ruled on within sixty days is considered denied ("Automatic Denial Provision") is a violation of Plaintiff's due process rights under the Fourteenth Amendment.

THEREFORE, it is hereby ORDERED that the motion is GRANTED and Defendant; Defendant's officers, agents, servants, employees, and attorneys; and those persons in active concert or participation with them who receive actual notice of the order are PRELIMINARILY ENJOINED from enforcing Ohio Revised Code Sections 3702.303 and 3702.304 until further notice.

Plaintiff shall not be required to post bond. *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995).

IT IS SO ORDERED.

Date: _____

_____
UNITED STATES DISTRICT JUDGE