UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PLANNED PARENTHOOD SOUTHWEST OHIO REGION, et al.,** | : : : | Case No. 1:15-cv-568 |
| | : | Judge Michael R. Barrett |
| **Plaintiffs,** | : : | |
| v. | : : | |
| **RICHARD HODGES,** | : : | |
| **Defendant.** | : | |

### PROPOSED TEMPORARY RESTRAINING ORDER

Upon consideration of the Plaintiff Women's Med Group Professional Corporation's Motion for a Temporary Restraining Oder and/or Preliminary Injunction and subsequent related briefing, this Court has found and concluded for the specific reasons required under Federal Rule of Civil Procedure 65(d) that Plaintiff has shown (1) a likelihood of success on the merits of its claims, (2) that Plaintiff and its patients will suffer irreparable harm if an injunction is not issued, (3) that the balance of harm favors Plaintiff and (4) that the public interest weighs in favor of granting the temporary restraining order and/or preliminary injunction. Specifically, Plaintiff has shown a likelihood of success on the merits on its claim that enforcement of Ohio Revised Code sections 3702.303 ("the Written Transfer Agreement ("WTA") Statute") and 3702.304 ("the Variance Statute") and the Ohio Department of Health's requirement that clinics enter into agreements with four backup physicians with admitting privileges at local hospitals ("Four Backup Physician Rule") against WMGPC's clinic Women's Med Center Dayton ("WMCD") will result in an unconstitutional deprivation of Plaintiff's and Plaintiff's patients' Fourteenth Amendment rights. The Ohio Department of Health proposed to revoke WMCD's ASF license in

1

2015 because it only had three back up physicians. On June 26, 2019, WMCD submitted a revised variance request with a fourth doctor. Because the Department failed to grant the variance within sixty days, it was denied pursuant to the Automatic Denial Provision of O.R.C. 3702.304. On October 25, 2019 the Department granted the variance request that added the fourth doctor. Only because the Department delayed in granting the variance request, WMCD's license was revoked.

     First, enforcement will violate Plaintiff's patients' right to substantive due process because it creates a substantial obstacle in the path of patients seeking previability abortions, thus creating an undue burden on abortion access. Second, Plaintiff has shown a likelihood of success on the merits of its claim that the WTA Statute, Variance Statute, and Four Backup Physician Rule violate Plaintiff's due process rights by delegating standardless and unreviewable authority to private parties (i.e., hospitals and potential backup physicians). Plaintiff has similarly shown a likelihood of success on the merits of its claim that the Variance Statute's provision stating that a variance application not ruled on within sixty days is considered denied ("Automatic Denial Provision") is a violation of Plaintiff's due process rights under the Fourteenth Amendment.

     This Court need not find that WMCD is "uniquely exempt from licensing." *Whole Woman's Health Alliance v. Hill*, No. 19-2051, 2019 WL 3949490, at *1 (7th Cir. Aug. 22, 2019). As the Seventh Circuit recently held, when a state is delaying consideration of a license, it is within the court's power to enjoin that state to either treat the clinic as if it had a provisional license or to actually grant such a provisional license. *Id.*, at *12. In this situation, the harm to the state is *de minimus* compared to the significant harm being suffered by Plaintiff and Plaintiff's patients. *Id.*

THEREFORE, it is hereby ORDERED that the motion is GRANTED and Defendant; Defendant's officers, agents, servants, employees, and attorneys; and those persons in active concert or participation with them who receive actual notice of the order are TEMPORARILY RESTRAINED from enforcing the revocation of WMCD's ASF license because Plaintiff has shown a likelihood of success on its claim that the revocation was unconstitutional and/or TEMPORARILY RESTRAINED to either treat WMCD as if it has a provisional license or to actually grant such a provisional license until November, \_\_\_\_\_, 2019.

Plaintiffs shall not be required to post bond. *Moltan Co. v. Eagle-Picher Indus., Inc.*, 55 F.3d 1171, 1176 (6th Cir. 1995).

IT IS SO ORDERED.


Date: _____

_____
UNITED STATES DISTRICT JUDGE