# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| Planned Parenthood Southwest Ohio Region, et al., | : :  : Case No. 1:15-cv-00568 |
| Plaintiffs, | : : Judge Michael R. Barrett |
| vs. | : : |
| Amy Acton, in her official capacity as the Director of the Ohio Department of Health, | : : : : |
| Defendant. | |

## ORDER

This matter is before the Court on Plaintiffs'—Planned Parenthood Southwest Ohio Region ("PPSOR") and Women's Medical Group Professional Corporation ("WMGPC")—Motion to Compel Ohio Department of Health ("ODH") Former Director Lance Himes and Former Director Richard Hodges to Respond to Deposition Questions. (Doc. 95).

**I. BACKGROUND**

PPSOR and WMGPC operate ambulatory surgical facilities ("ASFs")[1] which provide women's health services, including abortions, in Cincinnati and Dayton respectively.

During Former Directors Himes' and Hodges' depositions (Docs. 95-1, Doc. 95-2), Plaintiffs asked each Former Director "to explain his decision to grant or deny certain

---

[1] "ASFs are free-standing facilities in which outpatient surgery is routinely performed." *Women's Medical Prof'l Corp. v. Baird*, 438 F.3d 595, 599 n.1 (6th Cir. 2006) (citing Ohio Rev. Code § 3702.30(A)(1)). "ASFs include facilities providing medical care and services in areas including, but not limited to, cosmetic and laser surgery, plastic surgery, abortion, dermatology, digestive endoscopy, gastroenterology, lithotripsy, urology, and orthopedics." *Id.*

variance applications, the policy rational behind those decisions, and whether they would or would not have granted a variance in hypothetical situations." (Doc. 95). Defense counsel instructed Director Himes not to answer 20 questions and Director Hodges not to answer 27 questions and invoked the quasi-judicial privilege and deliberative process privilege in doing so. The Court allowed the parties to brief the matter (Docs. 95, 104) and later held oral argument (Doc. 113) rather than ruling on the specific questions during the depositions.

## II. ANALYSIS

### a. Judicial Mental Process Privilege

The Court will first determine whether the judicial mental process privilege applies to the Former ODH Directors' decisions to grant or deny an ASF's application for a variance from the WTA requirement. *Compare* (Doc. 95 n.3), *with* (Doc. 104). "The Supreme Court [] recognizes a strong but not absolute bar to discovery about the mental processes of certain decisionmakers in administrative agencies as long as they are performing quasi-judicial functions." *Libertarian Party of Ohio v. Husted*, 33 F. Supp. 3d 914, 920 (S.D. Ohio 2014), *objections overruled*, No. 2:13-CV-953, 2014 WL 12648252 (S.D. Ohio July 24, 2014) (holding that the judicial mental process privilege applied to a hearing officer in a ballot protest matter).

In determining whether an ASF receives a variance, the ODH Director reviews the application and required supporting written evidence—explaining how that ASF plans to meet the intent of the ASF requirement in an alternative manner—and decides whether that ASF is capable of achieving the purpose of the WTA without such an agreement. *See* Ohio Rev. Code § 3702.304. The statute suggests that not every ASF that submits

a variance application will receive a written decision from the ODH Director. Ohio Rev. Code § 3702.304(A)(2) ("A variance application that has not been approved within sixty days is considered denied."). The ODH Director does not conduct a hearing or receive testimony when making this determination. *See id.* In fact, a hearing with the ODH Director regarding such a variance application is neither statutorily required nor seemingly available. *See id.* Additionally, the ODH Director's determination to grant or deny a variance application is final and not subject to judicial review. Ohio Rev. Code § 3702.304(C); Ohio Adm. Code 3701-83-14(F); *see Women's Med Ctr. of Dayton v. Dep't of Health*, 2019-Ohio-1146, ¶ 54, 133 N.E.3d 1047, 1062, *appeal not allowed sub nom. Women's Med. Ctr. of Dayton v. Dep't of Health*, 2019-Ohio-3263, ¶ 54, 156 Ohio St. 3d 1492, 129 N.E.3d 472, *reconsideration denied*, 2019-Ohio-4419, ¶ 54, 157 Ohio St. 3d 1468, 133 N.E.3d 543. In light of the above description of the ODH Director's decision-making process when granting or denying an ASF's variance application—*e.g.*, no hearing, no testimony received, no written requirement for the Director's ultimate decision, and no right to appeal—the Court is not convinced that the ODH Director's decision constitutes administrative action that is quasi-judicial such that mental process protection is proper. *See Libertarian Party of Ohio*, 33 F. Supp. 3d at 920.

### b. Deliberative Process Privilege

Turning to the deliberative process privilege,[2] this "privilege was created [] to protect communications made in the course of formulating agency decisions on legal and

---

[2] For purposes of this order, the Court assumes that the deliberative process applies to deposition testimony in addition to documents. *Compare Anilao v. Spota*, No. CV 10-32 JFB AKT, 2015 WL 5793667, at *18 (E.D.N.Y. Sept. 30, 2015) (citing cases each for the proposition that the privilege covers documents and depositions of government employees), *with McCormac v. U.S. Dep't of the Treasury*, No. CIV.A.04-4368(MLC), 2007 WL 1412281, at *7 (D.N.J. May 14, 2007) ("[T]he Court is not certain whether this privilege applies to testimony at a Rule 30(b)(6) deposition, rather than to documents.").

policy matters." *Proctor & Gamble Co. v. United States*, No. 1:08-cv-608, 2009 WL 5219726, at *2 (S.D. Ohio Dec. 31, 2009); *accord NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 148 (1975). "The purpose of the privilege is to promote frank discussion of issues relating to the adoption of policies for and the making of specific adjudicative decisions within a government agency." *Id.* The privilege

> serves . . . to protect against premature disclosure of proposed policies before they have been finally formulated or adopted; and to protect against confusing the issues and misleading the public by dissemination of documents suggesting reasons and rationales for a course of action which were not in fact the ultimate reasons for the agency's action.

*Coastal States Gas Corp. v. Department of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980).

A document or communication must be both pre-decisional and deliberative to fall under this privilege's protection. *Sears, Roebuck & Co.*, 421 U.S. 132 at 150-51. "A document [or communication] is pre-decisional when it is 'received by the decisionmaker on the subject of the decision prior to the time the decision is made.'" *Schell v. U.S. Dep't of Health & Human Servs.*, 843 F.2d 933, 940 (6th Cir. 1988) (quoting *Sears, Roebuck & Co.*, 421 U.S. 132 at 151). A document or communication is deliberative "when it 'reflects the give-and-take of the consultative process.'" *Id.* (quoting *Coastal States Gas Corp.*, 617 F.2d at 866).

The privilege extends only to nonfactual nonpublic communications. *Proctor & Gamble Co.*, 2009 WL 5219726, at *2. Moreover, the privilege is not absolute and, even if a communication is pre-decisional and deliberative, the Court looks to certain factors to determine whether the privilege is overcome. *Netjets Large Aircraft, Inc. v. United States*, No. 2:11-cv-1023, 2015 WL 1526346, at *6 (S.D. Ohio Apr. 3, 2015). In particular, the Court balances "(1) the relevance of the evidence sought, (2) the availability of other evidence, (3) the role of government in the litigation, and (4) the potential consequences

4

of disclosure of the information." *Id.* "Ultimately, in each case, the determinative question is whether production of the contested document would be injurious to the consultative functions of government that the privilege of non-disclosure protects." *Proctor & Gamble Co.*, 2009 WL 5219726, at *2.

Plaintiffs provide four "Categories" of deposition questions for which Defendant asserted the privilege and the Former Directors did not provide answers. (Doc. 95 at PageID 1061-62, 1063-64, 1065, 1068-69). The Court will use Plaintiffs' four Categories and corresponding Figures 1 through 4 to organize its ruling on the 47 questions at issue.

Plaintiffs describe Category 1 as "Fact Questions" and list seven questions. The court finds both that the privilege is not properly invoked regarding the first four questions and that the Former Directors have answered the last three questions such that Defendant's invocation of the privilege is moot regarding the last three questions. The Former Directors must answer the first four questions in Category 1.

Plaintiffs describe Category 2 as "Post-Decisional Questions" and list 19 questions. Regarding questions one through four, six through eight, 10, 12, 14 17, and 19, the Court finds that the privilege is not properly invoked and the Former Directors must answer those questions. With respect to question five, the Court finds this question to be covered by the privilege and Former Director Hodges need not answer. Regarding questions 11 and 13, the Court finds that Former Director Hodges ultimately answered these questions at his deposition such that Defendant's invocation of the privilege is moot. (Doc. 95-1, page 117, lines 15-25 and page 118, lines 1-17). With respect to questions nine, 15, 16, and 18, the Court will hold a telephone conference with the parties to ascertain additional

5

information necessary to make a ruling and will rule on these questions at that conference.[3]

Plaintiffs describe Category 3 as "Hypothetical Questions" and list seven questions. The Court finds that, for questions one through four, six, and seven, the privilege is not properly invoked and the Former Directors must answer those questions. The Court will rule on question five at the telephone conference.

Plaintiffs describe Category 4 as "Pre-Decisional Questions" and list 14 questions. With respect to questions one through three, six through eight, and 14, the Court accepts Plaintiffs' concession that these questions fall within the scope of the deliberative process privilege and agrees that Plaintiffs overcome that privilege based on the facts of this case. *See Netjets Large Aircraft, Inc.*, 2015 WL 1526346 at *6. The Former Directors must answer these questions. Regarding questions four, five, nine through 11 and 13, the Court finds these questions to be covered by the privilege, Plaintiffs have not overcome that privilege, and the Former Directors need not answer those questions. The Court will rule on question 12 at the telephone conference.

### III. CONCLUSION

It is hereby **ORDERED** that Plaintiffs' Motion to Compel (Doc. 95) is **GRANTED in part and DENIED in part**. It is further **ORDERED** that the parties will appear at a telephone conference on 1/23/2020 at 12:00 PM before the undersigned. The parties shall refer to the docket entry on 9/12/17 for telephone conferencing instructions.

**IT IS SO ORDERED.**               _s/ Michael R. Barrett_____
                                    Michael R. Barrett, Judge
                                    United States District Court

---

[3] In particular, as it currently stands, the Court does not have enough information before it to determine whether the Former Directors' possible answers could be deemed deliberative and part of the consultative process.