UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| **PLANNED PARENTHOOD SOUTHWEST OHIO REGION, et al.,** | : : | Case No. 1:15-cv-568 |
| Plaintiffs, | : | |
| vs. | : | Judge Michael R. Barrett |
| | : | |
| **BRUCE T. VANDERHOFF, M.D.,** | : | |
| Defendant. | : : : : | **PLAINTIFFS' MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT** |

**MOTION**

Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs move for leave to file a Third Amended Complaint in this action. A copy of the proposed Third Amended Complaint is attached. The Third Amended Complaint explains factual developments that have occurred since the filing of the Second Amended Complaint, adds a procedural due process claim, and streamlines the case by deleting three claims. Pursuant to Local Rule 7.3(a), Plaintiffs have consulted with Defendant, and Defendant intends to oppose this motion to amend.

**MEMORANDUM**

Rule 15 of the Federal Rules of Civil Procedure provides that leave of Court to amend a pleading "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Reasonable requests to amend should be viewed with favor by the Court. *See* Wright and Miller, *Federal Practice and Procedure*, §1484, p.417 and cases cited therein. The Sixth Circuit has emphasized that the purpose of Rule 15(a) is "to reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 522 (6th Cir. 1999) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir.

1

1986)). Leave to amend should normally be granted unless the moving party is guilty of undue delay, bad faith, dilatory motive, or the proposed amendment will be futile or cause undue prejudice to the opposing party. *Forman v. Davis*, 371 U.S. 178, 182 (1962).

Plaintiffs' request for leave to amend is reasonable, as there have been legal and factual developments since the filing of the Second Amended Complaint on September 15, 2016, that necessitate changes to Plaintiffs' claims. Since that time, Plaintiffs have repeatedly attempted to meet the Written Transfer Agreement (WTA) Requirement and Statutory Variance Requirements to continue providing services under valid licenses, but the Ohio Department of Health's (ODH) arbitrary and changing standards have resulted in threatened license revocation and disruption in services. Plaintiffs have incorporated recent factual developments to support their procedural due process and nondelegation claims by specifying the additional obstacles imposed by the WTA Requirement, the Statutory Variance Requirements, and ODH's arbitrary enforcement of those requirements since the filing of the Second Amended Complaint. Plaintiffs have also added a Procedural Due Process claim that focuses on the fair notice problems inherent on ODH's arbitrary enforcement of the requirements at issue in this case. Plaintiffs have previously submitted a brief detailing the fair notice problems with ODH's arbitrary enforcement of the WTA requirement, (Reply Memorandum to Motion for a Temporary Restraining Order And/Or a Preliminary Injunction, ECF No. 140 at Page ID 2820) and Defendant has been on notice of Plaintiffs' Procedural Due Process claim since the filing of the original complaint. Plaintiffs seek to add relevant facts and a separate claim to make the factual basis for the claim clear and to help conform the pleadings to the litigation.

At all times in this action Plaintiffs have acted in good faith and without undue delay. *Moore v. City of Paducah*, 790 F.2d at 562 (concluding that the denial of plaintiff's motion for

leave to amend the complaint was an abuse of discretion because delay alone could not justify denying leave if there is only "relatively light prejudice" to the defendant and because the plaintiff should have an opportunity to be heard on the merits of facts well known to the parties). The Third Amended Complaint includes legal and factual developments that have occurred after the filing of the Second Amended Complaint, with some facts occurring as recently as December 1, 2021. These facts directly relate to the Plaintiffs' original claims. Defendant has been provided adequate notice of the Third Amended Complaint, as Plaintiffs initially notified Defendant of our intent to file this motion on November 8, 2021, prior to Defendant's submission of expert reports. Plaintiffs thereafter provided Defendant with the proposed Third Amended Complaint on December 8, 2021.

There is no prejudice to Defendant sufficient to justify denying Plaintiffs' motion for leave to amend. *Phelps v. McClellan*, 30 F.3d 658, 662-63 (6th Cir. 1994) ("In determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction."); *see also Moore v. City of Paducah*, 790 F.2d at 562 (explaining the Sixth Circuit requires "at least some significant showing of prejudice to the opponent").

Defendant will suffer no prejudice by amendments that merely update the facts, conform the complaint to recent events, and more precisely delineate the claims arising from the facts alleged in the original pleadings. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (concluding that an amendment introducing a new cause of action (constitutional tort) did not unduly prejudice the defendant because the facts alleged for the original complaint charging assault and

3

battery would have supported the additional claim for relief); *see also Fisher v. Roberts*, 125 F.3d 974, 978 (6th Cir. 1997) (reversing the district court's denial of leave to amend and holding that the defendant had fair notice of an additional claim and the grounds upon which it rested because the original complaint "contains enough information from which the material elements of plaintiffs claim can be inferred").

Furthermore, the Third Amended Complaint will not delay resolution of the case, which can easily be litigated within the timeframe ordered by this Court (Amended Calendar Order, ECF No. 172 at Page ID 3162); *Hageman v. Signal L.P. Gas, Inc.*, 486 F.2d 479, 483-85 (6th Cir. 1973) (finding that the additional time required to file an answer to an amended complaint is insufficient to show undue delay where the parties are the same and the added claim arises out of the same transaction or occurrence as the original complaint). In fact, the proposed amendments streamline the legal issues before the Court by deleting three claims. The removal of Plaintiffs' fact-intensive substantive due process claim, in particular, will reduce the resources the parties will need to expend on the case, not increase them. Indeed, it is Plaintiffs' position that this amendment to the complaint renders expert discovery unnecessary, as all remaining claims can be resolved as a matter of law.

For the foregoing reasons, Plaintiffs respectfully request that this Court grant their motion for leave to file a Third Amended Complaint.

Respectfully submitted,

/s/ B. Jessie Hill

| | |
|---|---|
| CARRIE Y. FLAXMAN | B. JESSIE HILL #0074770 |
| JULIE MURRAY | *Trial Attorney for Plaintiffs* |
| Planned Parenthood Federation of America | Cooperating Counsel for the ACLU of Ohio |
| 1110 Vermont Avenue, NW, Suite 300 | Case Western Reserve Univ., School of Law |
| Washington, DC 20005 | |
| (202) 973-4800 | |

(202) 296-3480 (fax)
carrie.flaxman@ppfa.org
julie.murray@ppfa.org
*Admitted Pro Hac Vice*

*Co-counsel for Plaintiff Planned Parenthood Southwest Ohio Region and Planned Parenthood of Greater Ohio*

FREDA J. LEVENSON #0045916
ACLU of Ohio Foundation, Inc.
4506 Chester Avenue
Cleveland, OH 44103
(216) 472-2220
(216) 472-2210 (fax)
flevenson@acluohio.org
*Counsel for Plaintiff Planned Parenthood Southwest Ohio Region and Plaintiff Women's Med Group Professional Corporation*

11075 East Boulevard
Cleveland, Ohio 44106
(216) 368-0553
(216) 368-2086 (fax)
bjh11@cwru.edu

*Counsel for Plaintiff Planned Parenthood Southwest Ohio Region and Plaintiff Women's Med Group*

RUTH E. HARTMAN #0078860
MICHAEL E. MUMFORD #0073931
BAKER HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000
Cleveland, OH 44114
(216) 621-0200
(216) 696-0740 (fax)
mmumford@bakerlaw.com
rhartman@bakerlaw.com

*Counsel for Plaintiff Women's Med Group Professional Corporation*

JULIA KAYE
ELIZABETH WATSON
RACHEL REEVES
BRIGITTE AMIRI
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 284-7358
(212) 549-2651 (fax)
jkaye@aclu.org
ewatson@aclu.org
rreeves@aclu.org
bamiri@aclu.org

*Admitted Pro Hac Vice*
*Of-Counsel for Plaintiff Women's Med Group Professional Corporation*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2021, a copy of the foregoing pleading was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing pleading and the Notice of Electronic Filing has been served by ordinary U.S. mail and email upon all parties for whom counsel has not yet entered an appearance electronically.

/s/ B. Jessie Hill
Trial Attorney for Plaintiffs