### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | | |
|---|---|---|
| Planned Parenthood Southwest Ohio Region, et al., | : | |
| | : | |
| | : | Case No. 1:15-cv-00568 |
| Plaintiffs, | : | |
| | : | Judge Michael R. Barrett |
| vs. | : | |
| | : | |
| Bruce T. Vanderhoff,[1] | : | |
| in his official capacity as the Director of | : | |
| the Ohio Department of Health, | : | |
| | : | |
| Defendant. | : | |

### OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File a Third Amended Complaint. (Doc. 173). Defendant filed a Response in Opposition (Doc. 174), and Plaintiffs filed a Reply (Doc. 175).

### I.    BACKGROUND

Plaintiffs filed their Complaint on September 1, 2015. (Doc. 1). Plaintiffs filed their First Supplemental Complaint on September 29, 2015. (Doc. 23); *cf.* FED. R. CIV. P. 15(d); DOCKET ENTRY, SEPT. 29, 2015. Plaintiffs filed their First Amended Complaint on January 15, 2016. (Doc. 42); *cf.* (Doc. 41). Plaintiffs filed their Second Amended Complaint on October 7, 2016. (Doc. 59); *cf.* (Doc. 58).

In the motion currently before the Court, Plaintiffs seek leave to file a Third Amended Complaint to add a procedural due process claim, remove three claims—specifically, two substantive due process claims and an equal protection claim—and

---

[1] Bruce T. Vanderhoff, M.D., became the Director of the Ohio Department of Health while this case has been pending. *See* FED. R. CIV. P. 25(d).

describe factual developments that have occurred since September 2016. (Doc. 173); *see* (Doc. 175). Defendant responds that the Court should deny Plaintiffs' motion for leave to add the proposed procedural due process claim; only grant Plaintiffs' motion for leave to remove the three specified claims if the Court treats this portion of Plaintiffs' motion as a voluntary motion to dismiss those claims and dismisses those claims with prejudice; and require Plaintiffs to reimburse Defendant for Defendant's expert costs. (Doc. 174).

## II. <u>ANALYSIS</u>

"Once the scheduling order's deadline passes, a plaintiff first must show good cause under [Federal Rule of Civil Procedure's ("Rule")] Rule 16(b) for failure to earlier seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003); *accord* FED. R. CIV. P. 16(b)(4). "The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements." *Inge v. Rock Fin. Group*, 281 F.3d 613, 625 (6th Cir. 2002) (internal citation and quotation marks omitted). A court must also consider whether the amendment will prejudice the party opposing it. *Leary*, 349 F.3d at 906, 908.

Rule 15(a) governs amendments to pleadings before trial and provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." FED. R. CIV. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.*

Rule 15(a) contains a "liberal policy of permitting amendments to ensure the determinations of claims on their merits." *Marks v. Shell Oil Co.*, 830 F.2d 68, 69 (6th Cir. 1987). Leave should be granted unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant argues that Plaintiffs fail to show good cause, there is undue prejudice, there is undue delay, and amendment to add the proposed procedural due process claim is futile. (Doc. 174). The Court disagrees with Defendant, and does so largely for the reasons stated in the Reply. *See Foman*, 371 U.S. at 182; (Doc. 175). The Court will grant Plaintiffs' motion, and will not treat the motion as a voluntary motion to dismiss or impose costs.

III.    **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that Plaintiffs' Motion for Leave to File a Third Amended Complaint (Doc. 173) is **GRANTED**, and the Third Amended Complaint shall be filed within seven (7) days of the entry of this Order.

**IT IS SO ORDERED.**

     /s Michael R. Barrett
Michael R. Barrett, Judge
United States District Court