**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **PLANNED PARENTHOOD SOUTHWEST OHIO REGION,** *et al.*, | : <br> : <br> : |
| Plaintiffs, | : Case No. 1:15-CV-568 <br> : |
| v. | : Judge Michael R. Barrett <br> : |
| **BRUCE VANDERHOFF**,[1] <br> *In his official capacity as the Director of the Ohio Department of Health*, | : <br> : <br> : <br> : |
| Defendant. | : <br> : |

**DEFENDANT BRUCE VANDERHOFF'S ANSWER TO
PLAINTIFFS' THIRD AMENDED COMPLAINT**

For his answer to Plaintiffs' Third Amended Complaint ("Complaint"), Defendant Bruce Vanderhoff states as follows:

1. Paragraph 1 of the Complaint contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 1.

2. Paragraph 2 contains legal conclusions to which no response is required. Further answering, Defendant states that *Whole Woman's Health v. Hellerstedt*, 136 S. Ct. 2292 (2016) speaks for itself and no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 2.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 and footnote 1 regarding the state of

---

[1] Bruce Vanderhoff has been named the Director of the Ohio Department of Health and automatically substitutes as a defendant in this case. Fed. R. Civ. P. 25(d).

abortion clinics in Ohio and therefore denies same. Defendant denies the remaining allegations in paragraph 3.

4. Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 4.

5. Paragraph 5 contains legal conclusions to which no response is required. Further answering, Ohio Admin. Code § 3701-83-14(C) speaks for itself and no response is required. To the extent a further response is required, Defendant admits that the Ohio Department of Health has granted variances from the rule cited in paragraph 5. Defendant denies any remaining allegations in paragraph 5.

6. Paragraph 6 contains legal conclusions to which no response is required. Further answering, the cited statutes speak for themselves and no response is required. To the extent a further response is required, Defendant denies the allegations in paragraph 6.

7. Defendant denies the allegations in paragraph 7.

8. Paragraph 8 contains legal conclusions to which no response is required. Further answering, the cited statutes speak for themselves and no response is required. As to footnote 2, the Court's orders speak for themselves and no response is required. To the extent a further response is required, Defendant denies the allegations in paragraph 8.

9. Defendant admits that a former Director of the Department of Health denied Plaintiff Planned Parenthood Southwest Ohio's (PPSWO) application for a variance on September 16, 2016, and then granted Plaintiff's amended application.

The former Director's letters issued in connection with those decisions speak for themselves. Defendant denies any remaining allegations in paragraph 9.

10. Defendant denies the allegations in paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 11.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to Plaintiffs' attempts to seek written transfer agreements (WTAs) and therefore denies same. The documents referenced in footnote 3 speak for themselves and no response is required. The remaining allegations in paragraph 12 contain legal conclusions to which no response is required. To the extent a response is required, Defendant denies the remaining allegations in paragraph 12.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 and therefore denies same.

14. Defendant denies the allegations in paragraph 14 and denies that Plaintiffs are entitled to relief.

15. Paragraph 15 contains legal conclusions to which no response is required.

16. Paragraph 16 contains legal conclusions to which no response is required.

17. Defendant admits that PPSWO operates an ambulatory surgical facility (ASF) in Ohio. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 17 and therefore denies same.

18. Defendant admits that Plaintiff Women's Medical Group Professional Corporation, currently known as Women's Med Dayton (WMD) operates an ASF

in Ohio. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 18 and therefore denies same.

19. Defendant admits that he serves as the Director of the Ohio Department of Health and that he is a physician. Defendant admits the allegations in footnote 4. The remaining allegations in paragraph 19 contain legal conclusions to which no response is required.

20. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 and therefore denies same.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 and therefore denies same.

22. Paragraph 22 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 22.

23. Paragraph 23 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself and no response is required. Defendant denies any remaining allegations in paragraph 22.

24. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 and therefore denies same.

25. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 and therefore denies same.

26. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 and therefore denies same.

27. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 and therefore denies same.

28. The declaration referenced in paragraph 28 speaks for itself and no response is required. Further answering, the cited statute speaks for itself and no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies same.

29. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 and therefore denies same.

30. Defendant denies the allegations in paragraph 30.

31. Defendant denies the allegations in paragraph 31.

32. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 and therefore denies same.

33. The law referenced in paragraph 33 speaks for itself and no response is required. Defendant admits that ODH notified abortion facilities that they needed to apply for ASF licensing.

34. The regulation cited in paragraph 34 speaks for itself and no response is required.

35. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 and therefore denies same.

36. Defendant admits that the clinics listed in paragraph 36 have applied for waivers and/or variances of the WTA requirement. Further answering, the website cited in footnote 5 speaks for itself and no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36 and therefore denies same.

37. Defendant admits that all ASFs that have sought a variance from the WTA requirement to date have been abortion providers.

38. The Sixth Circuit decision cited in paragraph 38 speaks for itself and no response is required.

39. Paragraph 39 contains legal conclusions to which no response is required. Further answering, the cited regulation speaks for itself and no response is required. Defendant denies any remaining allegations in paragraph 39.

40. Defendant admits that ODH has granted variances to abortion providers. Defendant denies any remaining allegations in paragraph 40.

41. Defendant admits that ODH granted WMD's request for a variance in 2008. Further answering, Defendant states that the letter issued by ODH in connection with the variance decision speaks for itself. Defendant denies any remaining allegations in paragraph 41.

42. Defendant admits that ODH granted LRSC's request for a variance in 2010. Further answering, Defendant states that the letter issued by ODH in connection with the variance decision speaks for itself. Defendant denies any remaining allegations in paragraph 42.

43. Paragraph 43 contains legal conclusions to which no response is required. Defendant denies any remaining allegations in paragraph 43.

44. Paragraph 44 contains legal conclusions to which no response is required. To the extent a response is required, Defendant denies the allegations in paragraph 44.

45. Paragraph 45 contains legal conclusions to which no response is required. Further answering, the cited bill speaks for itself and no response is required

46. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46, including footnotes 6 through 8, and therefore denies same.

47. Paragraph 47 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself and no response is required. Defendant denies any remaining allegations in paragraph 47.

48. Paragraph 48 contains legal conclusions to which no response is required. Further answering, the cited statute speaks for itself and no response is required. Defendant denies any remaining allegations in paragraph 48.

49. Defendant denies the allegations in paragraph 49.

50. Paragraph 50 contains legal conclusions to which no response is required. The statute cited in paragraph 50 speaks for itself and no response is required. Defendant denies the remaining allegations in paragraph 50.

51. Paragraph 51 contains legal conclusions to which no response is required. The statute cited in paragraph 51 speaks for itself and no response is required. Defendant denies the remaining allegations in paragraph 51.

52. Paragraph 52 contains legal conclusions to which no response is required. The regulation cited in paragraph 52 speaks for itself and no response is required. Defendant denies any remaining allegations in paragraph 52.

53. Paragraph 53 contains legal conclusions to which no response is required. The statute cited in paragraph 53 speaks for itself and no response is required. Defendant denies any remaining allegations in paragraph 53.

54. Paragraph 54 contains legal conclusions to which no response is required. Defendant denies any remaining allegations in paragraph 54.

55. Defendant denies the allegations in paragraph 55.

56. Paragraph 56 contains legal conclusions to which no response is required. The statute cited in paragraph 56 speaks for itself and no response is required. Defendant denies the remaining allegations in paragraph 56.

57. Paragraph 57 contains legal conclusions to which no response is required. The statute cited in paragraph 57 speaks for itself and no response is required. Defendant denies the remaining allegations in paragraph 57.

58. Paragraph 58 contains legal conclusions to which no response is required. The statutes cited in paragraph 58 speak for themselves and no response is required. Defendant denies the remaining allegations in paragraph 58.

59. Paragraph 59 contains legal conclusions to which no response is required. Further answering, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding statements about the cited bills, including footnotes 9 through 12, and therefore denies same. Defendant denies any remaining allegations in paragraph 59.

60. Paragraph 60 contains legal conclusions to which no response is required. The statutes cited in paragraph 60 speak for themselves and no response is required. Defendant denies any remaining allegations in paragraph 60.

61. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 61 and therefore denies same.

62. Paragraph 62 contains legal conclusions to which no response is required. The statutes cited in paragraph 62 speak for themselves and no response is required. Defendant denies the remaining allegations in paragraph 62 and specifically denies that Plaintiffs are denied pre- and post-deprivation hearing rights.

63. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 63 and therefore denies same.

64. Defendant denies the allegations in paragraph 64.

65. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 65 and therefore denies same.

66. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 and therefore denies same.

67. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67 and therefore denies same.

68. Paragraph 68 contains legal conclusions to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 68 and therefore denies same.

69. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 69 and therefore denies same.

70. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 70 and therefore denies same.

71. Defendant admits that PPSWO applied for a variance from the WTA application. The application speaks for itself and no response is required. Defendant denies the remaining allegations in paragraph 71.

72. Defendant admits that on October 14, 2014, ODH informed PPSWO that PPSWO did not comply with ASF licensing requirements because it lacked a WTA. That communication speaks for itself. Defendant denies the remaining allegations in paragraph 72.

73. Defendant admits that Plaintiffs filed litigation seeking the relief described in paragraph 73. Defendant denies the remaining allegations in paragraph 73.

74. Defendant admits that ODH granted PPSWO's variance request on November 20, 2014 and that S.D. Ohio Case No. 1:14-cv-867 was dismissed without prejudice. Defendant specifically denies that the decision on the variance request was made in response to litigation and denies any remaining allegations in paragraph 74.

75. Defendant admits that PPSWO's variance was approved through May 31, 2015, and that PPSWO requested a variance and license renewal in May 2015. The remaining allegations in paragraph 75 contain legal conclusions to which no response is required. Further answering, the cited regulation speaks for itself and no response is required.

76. Defendant admits that former ODH Director Hodges denied PPSWO's request for a variance. The letter issued regarding that decision speaks for itself and no response is required.

77. Defendant admits the allegations in paragraph 77. Further answering, the variance denial speaks for itself and no response is required.

78. The variance denial speaks for itself and no response is required. Defendant denies any remaining allegations in paragraph 78.

79. Paragraph 79 contains legal conclusions to which no response is required. Further answering, the variance denial speaks for itself and no response is required. Defendant denies any remaining allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant admits that PPSWO requested and was granted variances from the WTA requirement in 2013, 2014, and 2015. Further answering, those variances speak for themselves and no response is required. Defendant denies the remaining allegations in paragraph 81.

82. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 82 and therefore denies same.

83. Defendant admits the allegations in paragraph 83.

84. Paragraph 84 contains legal conclusions to which no response is required. Further answering, the cited order speaks for itself and no response is required.

85. Paragraph 85 contains legal conclusions to which no response is required. To the extent a response is required, Defendant admits the allegations in paragraph 85.

86. Defendant admits that PPSWO applied for variances on March 31, 2016, March 31, 2017, and in March 2018 and March 2019. Defendant further admits that ODH granted each of these variances. Further answering, the variance applications speak for themselves and no further response is required.

87. Defendant admits that ODH rescinded PPSWO's variance on December 26, 2019, and that PPSWO submitted a new variance request in January 2020. Further answering, those documents speak for themselves and no further response is

required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 87 and therefore denies same.

88. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 88 and therefore denies same.

89. Defendant admits that legislation applicable to ODH and passed by the General Assembly due to the COVID-19 emergency provided that licenses that would have otherwise expired during the COVID-19 emergency would nevertheless remain valid.

90. Defendant admits the allegations in paragraph 90.

91. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 and therefore denies same.

92. Defendant admits that ODH denied WMD's request for waiver of the WTA agreement and issued a cease and desist order to WMD in 2003. Defendant further admits that this issue was litigated in S.D. Ohio Case No. 2:03-cv-162 and on appeal in the Sixth Circuit. The cases speak for themselves. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 92 and therefore denies same.

93. Defendant admits that ODH granted WMD's request for a variance in 2008. Defendant denies any remaining allegations in paragraph 93.

94. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 and therefore denies same.

95. Defendant admits that WMD filed a license renewal application and variance application for 2015 on July 24, 2015.

96. Defendant admits that WMD's variance application was denied on September 25, 2015. Further answering, the variance denial speaks for itself. Defendant denies any remaining allegations in paragraph 96.

97. Defendant admits the allegations in paragraph 97.

98. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 98 and therefore denies same.

99. Defendant admits it received WMD's variance request on July 25, 2019. Further answering, WMD's application speaks for itself. Defendant denies any remaining allegations in paragraph 99.

100. Defendant admits that WMD applied for a new ASF license on August 27, 2019. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 100 and therefore denies same.

101. Defendant admits that WMD's renewal application was rejected on September 23, 2019. Further answering, the rejection speaks for itself and no further response is required.

102. Defendant admits that ODH approved WMD's variance request on October 25, 2019. Further answering, the approval speaks for itself and no further response is required.

103. Paragraph 103 contains legal conclusions to which no response is required.

104. Defendant admits that WMD's ASF license was revoked. Further answering, footnote 13 contains legal conclusions to which no response is required. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 104 and therefore denies same.

105. Defendant denies the allegations in paragraph 105.

106. Defendant admits that ODH issued WMD an ASF license effective November 5, 2019.

107. Defendant admits that legislation applicable to ODH and passed by the General Assembly due to the COVID-19 emergency provided that licenses that would have otherwise expired during the COVID-19 emergency would nevertheless remain valid.

108. Defendant admits that WMD submitted a license renewal application on September 14, 2020. Further answering, the application speaks for itself.

109. Defendant admits that ODH denied WMD's variance request on August 30, 2021. The denial speaks for itself and no further response is required.

110. Defendant denies the allegations in paragraph 110.

111. Defendant denies the allegations in paragraph 111.

112. Defendant admits the allegations in paragraph 112.

113. Defendant admits that WMD submitted a new variance request on September 13, 2021. The request speaks for itself and no further response is required.

114. Defendant admits that ODH denied WMD's variance request on November 12, 2021. The denial speaks for itself and no further response is required.

115. Defendant admits the allegations in paragraph 115.

116. Defendant admits that WMD submitted a variance request on December 1, 2021. The request speaks for itself and no further response is required.

117. Defendant admits that WMD requested a hearing on the proposed license revocation on September 20, 2021. The remaining allegations in paragraph 117 contain legal conclusions to which no response is required.

118. Defendant admits that ODH did not approve LRSC's application for renewal of its variance and took action to revoke LRSC's ASF license. Defendant denies any remaining allegations in paragraph 118 and denies the allegations in footnote 14 for lack of knowledge.

119. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding UCMC's communications and therefore denies same. Defendant denies the remaining allegations in paragraph 119.

120. Defendant admits that ODH denied LRSC's variance request. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 120 and therefore denies same.

121. Defendant denies the allegations in paragraph 121.

122. Defendant denies the allegations in paragraph 122.

123. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 and therefore denies same.

124. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 and therefore denies same.

125. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 and therefore denies same.

126. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 and therefore denies same.

127. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 and therefore denies same.

128. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 and therefore denies same.

129. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 and therefore denies same.

130. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 and therefore denies same.

131. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 and therefore denies same.

132. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 and therefore denies same.

133. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 and therefore denies same.

134. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 and therefore denies same.

135. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 and therefore denies same.

136. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies same.

137. Defendant denies the allegations in paragraph 137.

138. Defendant restates and incorporates herein each answer contained in paragraphs 1-137.

139. Defendant denies the allegations in paragraph 139, denies that the cited statutes violate Plaintiffs' constitutional rights, and denies that Plaintiffs are entitled to any relief.

140. Defendant restates and incorporates herein each answer contained in paragraphs 1-137.

141. Defendant denies the allegations in paragraph 141, denies that the cited statute violates Plaintiffs' constitutional rights, and denies that Plaintiffs are entitled to any relief.

142. Defendant restates and incorporates herein each answer contained in paragraphs 1-137.

143. Defendant denies the allegations in paragraph 143, denies that the cited statutes violate Plaintiffs' constitutional rights, and denies that Plaintiffs are entitle to any relief.

144. Defendant denies all allegations set forth in the Prayer for Relief and specifically denies that Plaintiffs are entitled to any relief.

145. Defendant denies each allegation in Plaintiffs' Complaint not otherwise expressly admitted herein.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiffs have not been deprived of any federal constitutional or statutory rights.

### SECOND DEFENSE

Plaintiffs' Third Amended Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

The challenged laws comport fully with due-process guarantees.

## FOURTH DEFENSE

The challenged laws give Plaintiffs fair notice of what the law requires.

## FIFTH DEFENSE

Plaintiffs' claims against Defendant are barred, in whole or in part, by the Eleventh Amendment to the Constitution of the United States and more general principles of sovereign immunity.

## SIXTH DEFENSE

Abstention principles preclude resolving Plaintiffs' claims in federal court.

## SEVENTH DEFENSE

Plaintiffs failed to name one or more parties necessary of just adjudication.

## EIGHTH DEFENSE

Plaintiffs lack standing to bring some or all of their claims.

## NINTH DEFENSE

Plaintiffs' fair-notice claim is barred by the doctrine of laches.

Defendant reserves the right to amend his Answer to assert any defenses which may become apparent or available during the course of litigation.

WHEREFORE, having fully answered Plaintiffs' Third Amended Complaint, Defendant respectfully requests that this Court dismiss the Complaint and that Defendant receive his reasonable costs and fees expended in defending this suit.

> Respectfully submitted,
>
> DAVE YOST
> Ohio Attorney General
>
> */s/ Heather L. Buchanan*
> HEATHER L. BUCHANAN (0083032)
> ANDREW D. MCCARTNEY (0099853)
> AMANDA L. NAROG (0093954)
> Assistant Attorneys General
> Constitutional Offices Section
> 30 East Broad Street, 16th Floor
> Columbus, Ohio 43215
> Tel: 614-466-2872 | Fax: 614-728-7592
> Heather.Buchanan@OhioAGO.gov
> Andrew.McCartney@OhioAGO.gov
> Amanda.Narog@OhioAGO.gov
>
> *Counsel for Defendant Bruce Vanderhoff,*
> *in his official capacity as the Director*
> *of the Ohio Department of Health.*

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the U.S. District Court, Southern District of Ohio, on May 12, 2022, and served upon all parties of record via the court's electronic filing system.

> *s/ Heather L. Buchanan*
> HEATHER L. BUCHANAN (0083032)
> Assistant Attorney General