# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PLANNED PARENTHOOD SOUTHWEST OHIO REGION, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> BRUCE T. VANDERHOFF, *In his official capacity as the Director of the Ohio Department of Health*, <br><br> Defendant. | Case No. 1:15-cv-568 <br><br> Judge Michael R. Barrett <br><br> **ORDER** |

This matter is before the Court on the motion for leave to file an amicus curiae brief, filed by Phyllis Schlafly Eagles, Janet Folger Porter, Faith2Action Ministries, Ohio Rep. Beth Lear, Ohio Value Voters, Mission America, Marge Christie, Dayton Right to Life Society, Ohio Christian Alliance, Warren County Right to Life, Lori Viars, Community Pregnancy Center, former Ohio Rep. Candice Keller, former Ohio Rep. Ron Hood, and Eagle Forum Education & Legal Defense Fund. (Doc. 199).

On November 7, 2023, a majority of Ohio voters cast ballots in favor of Issue 1, officially entitled "The Right to Reproductive Freedom with Protections for Health and Safety."[1] Issue 1, now enshrined in the Ohio Constitution as article I, section 22, provides, among other things, that "[e]very individual has a right to make and carry out one's own

---

[1] Susan Tebben & Nick Evans, *Ohio Voters Pass Issue 1 Constitutional Amendment to Protect Abortion and Reproductive Rights*, Ohio Capital Journal (Nov. 7, 2023, 9:09 PM), https://ohiocapitaljournal.com/2023/11/07/ohio-voters-pass-issue-1-constitutional-amendment-to-protect-abortion-and-reproductive-rights/ [https://perma.cc/YQ84-53HN].

1

reproductive decisions, including but not limited to decisions on: 1. contraception; 2. fertility treatment; 3. continuing one's own pregnancy; 4. miscarriage care; and 5. abortion," and mandates that "[t]he State shall not, directly or indirectly, burden, penalize, prohibit, interfere with, or discriminate against either: 1. [a]n individual's voluntary exercise of this right or 2. [a] person or entity that assists an individual exercising this right." Ohio Const. art. I, § 22.

The Court subsequently issued a notation order allowing the parties to submit supplemental briefing regarding the effect of Issue 1 on this litigation, which itself stems from state legislation requiring that surgical abortions be provided only in ambulatory surgical facilities maintaining a written transfer agreement ("WTA") with a local hospital. (*See* Doc. 177). Movants, who describe themselves as having "interests in defending against misuse of the ballot initiative by abortion providers," contend that they "have direct and vital interests in objecting to any implementation of Issue 1 by the Court." (Doc. 199, PageID 4120-21). Accordingly, they seek to leave to file an amicus brief and express support for Defendant Bruce T. Vanderhoff's cross-motion for summary judgment.

"'[T]here is no governing standard' dictating 'the procedure for obtaining leave to file an amicus brief in the district court,' and district courts thus 'have broad discretion' to assess whether amicus participation will be 'of aid to the court and offer insights not available from the parties.'" *Sigetich v. Kroger Co.*, No. 1:21-cv-697, 2022 U.S. Dist. LEXIS 131590, at *4-5 (S.D. Ohio July 22, 2022) (quoting *Auto. Club of N.Y., Inc. v. Port Authority of N.Y. and N.J.*, No. 11 Civ. 6746, 2011 U.S. Dist. LEXIS 135391, at *5-6 (S.D.N.Y. Nov. 22, 2011)). However, the Court finds instructive Federal Rule of Appellate Procedure 29, which requires movants to show "the reason why an amicus brief is

desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(3)(B).

The historical purpose of an amicus "was to provide *impartial* information on matters of law about which there was doubt, especially in matters of public interest." *United States v. Michigan*, 940 F.2d 143, 164 (6th Cir. 1991) (cleaned up). "Classical participation as an amicus to brief and argue as a friend of the court was, and continues to be, a privilege within the sound discretion of the courts, depending upon a finding that the proffered information of amicus is timely, useful, or otherwise necessary to the administration of justice." *Id.* at 165.

Movants notably fail to make even the most cursory references to the WTA Requirement, the Public Hospital Ban, or the Automatic Suspension Provision—all central issues in this litigation. Instead, they condemn "how manipulated the initiative process has become," (Doc. 199, PageID 4127), and otherwise "provide a highly partisan account of the facts," *Michigan*, 940 F.2d at 164. The Court thus finds that the proposed amicus brief will not be of assistance in resolving or clarifying a question of law.

Accordingly, the motion is **DENIED**.

**IT IS SO ORDERED.**

                                              */s/ Michael R. Barrett*
                                              Michael R. Barrett
                                              United States District Judge