IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **PLANNED PARENTHOOD SOUTHWEST OHIO REGION, et al.**, | : : : | |
| *Plaintiffs*, | : : | **Case No. 1:15-cv-568** |
| v. | : : | **JUDGE MICHAEL R. BARRETT** |
| **BRUCE T. VANDERHOFF, M.D.**, In his official capacity as Director of the Ohio Department of Health, | : : : : | |
| *Defendant*. | : : | |

**DEFENDANT'S SUPPLEMENTAL BRIEF ON
ARTICLE I, SECTION 22 OF THE OHIO CONSTITUTION**

### INTRODUCTION

This Court need not and should not analyze Ohio's new constitutional Amendment when ruling on the Clinics' federal claims. The Court lacks jurisdiction to consider whether the challenged state statutes or Director Vanderhoff's actions conflict with the new Amendment. However, while this Court cannot enforce state law, Ohio state courts can and likely will apply the new Amendment to various Ohio laws. The outcomes of those cases may affect or even moot this case, but that is unclear at this time, and at least one case already pending in state court is related to Ohio's written-transfer-agreement laws, as it concerns variances from those laws. *See Women's Medical Group Professional Corp. v. Vanderhoff*, Hamilton Cnty. C.P. No. 2200704 (2022). In any case, regardless of whether the Clinics have a protected liberty or property interest under state law, they have not been deprived of any protected interest without sufficient procedural due process, so the Director remains entitled to summary judgment.

1

**ARGUMENT**

I. **This Court lacks jurisdiction to consider whether the challenged state statutes or the Director's actions conflict with Ohio's new constitutional Amendment.**

As a threshold matter, this Court need not and should not address whether the challenged state statutes—the Written Transfer Agreement (WTA) Requirement, Public Hospital Limitation, and License Suspension Provision—conflict with the new Amendment. "A federal court cannot take supplemental jurisdiction over claimed state law violations by state officers." *George-Khouri Family Ltd. P'ship v. Ohio Dep't of Liquor Control*, No. 04-3782, 2005 U.S. App. LEXIS 9807, at *7 (6th Cir. May 26, 2005) (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 123 (1984)); *see McNeilus Truck & Mfg., Inc. v. State ex rel. Montgomery*, 226 F.3d 429, 439 (6th Cir. 2000) ("[W]hether state officers have violated state law in failing to follow administrative procedures is a state law question in the first instance, and this court still lacks supplemental jurisdiction to consider the claim.").

It follows that "federal courts cannot enjoin state officials from violating state law." *Ladd v. Marchbanks*, 971 F.3d 574, 582 (6th Cir. 2020) (court lacked jurisdiction to grant plaintiffs' request for equitable relief against state official for allegedly violating the Ohio Constitution). Indeed, "it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law." *Pennhurst*, 465 U.S. at 106.

Thus, this Court lacks jurisdiction to grant summary judgment to the Clinics based on determining that the challenged state statutes or Director Vanderhoff's actions conflict with the Ohio Constitution. Nor should the Court render an advisory opinion on the effect of the new state constitutional Amendment. *Chapman v. Tristar Prods., Inc.*, 940 F.3d 299, 303 (6th Cir. 2019). In any event, the Clinics—just last year—challenged Ohio's provision allowing for a variance from the WTA requirement in state court, which is the only appropriate venue for litigating a claim that

the challenged statutes or the Director's actions conflict with the new Amendment. *See Women's Medical Grp. Pro. Corp. v. Vanderhoff*, No. 2200704 (Hamilton Cty. C.P. 2022). The Clinics can and likely will litigate the effect of the new Amendment on this and other state laws in state court. While it is unclear at this point whether the laws challenged in this case will be changed, and while the State is obliged to harmonize and defend both state statutes and constitutional provisions, the State is obliged to note that any change in those laws could affect, or even moot, this case, so the State will of course keep the Court apprised of any developments.

**II.      Regardless, the Director remains entitled to summary judgment.**

Regardless of the new Amendment's effect, Director Vanderhoff remains entitled to summary judgment on the Clinics' claims. This case now involves only procedural due process claims under the Fourteenth Amendment to the U.S. Constitution, as the Clinics dropped their federal substantive-due-process and equal-protection claims last year. *See* Def. Opp., DE 174 at PageID 3209-10; 3d Am. Compl. ¶¶ 138-43, DE 177 at PageID 3300-01. Succeeding on a federal procedural due process claim entails three steps: the Clinics must establish that "(1) [they have] a life, liberty, or property interest protected by the Due Process Clause; (2) [they were] deprived of that protected interest; and (3) the State did not afford [them] adequate procedural rights prior to depriving [them] of the property interest." *Planned Parenthood Sw. Ohio Region v. Hodges*, 138 F. Supp. 3d 948, 954 (S.D. Ohio 2015).

Regardless of how the new constitutional Amendment affects Step One (protected interest), the Clinics have failed to establish that they were deprived of a protected interest without adequate process (Steps Two and Three). *See* Def. MSJ at 21-30, DE 187 at PageID 3606-15. Put another way, even if Article I, Section 22 of the Ohio Constitution provides the Clinics with a state-law liberty or property interest, that does not affect the Director's independent arguments that the

3

Clinics received sufficient procedural due process. *See, e.g.*, Def. MSJ at 23, PageID 3608 ("Even if Plaintiffs had a protected property interest in a variance—they do not—[t]he Director has not deprived them of any required fair notice."); *id.* at 27, PageID 3612 ("[E]ven if Plaintiffs have a protected property interest in their license . . . and the license-suspension process deprives Plaintiffs of this interest, Ohio's licensing structure provides adequate procedural rights before a final revocation."). For these reasons, the Director remains entitled to summary judgment.

In sum, this Court need not and should not decide the state-law question of whether Ohio's new constitutional Amendment creates a state-law property or liberty interest for the Clinics. The Director's independent arguments that the Clinics were "afford[ed] . . . adequate procedural rights" remains a sufficient basis for granting summary judgment. *See Planned Parenthood Sw. Ohio Region*, 138 F. Supp. 3d at 954.

## CONCLUSION

For jurisdictional reasons, the Court should not consider the effect of Article I, Section 22 of the Ohio Constitution on the challenged state statutes. For the reasons set forth at pages 21-30 of the Director's summary-judgment brief (DE 187), the Director remains entitled to summary judgment on the Clinics' federal claims.

    Respectfully submitted,

    DAVE YOST
    Ohio Attorney General

    */s/ Andrew D. McCartney*
    ANDREW D. MCCARTNEY (0099853)
    AMANDA L. NAROG (0093954)*
    *Lead and Trial Counsel
    Assistant Attorneys General
    30 East Broad Street, 17th Floor
    Columbus, Ohio 43215
    Tel: 614-466-2872 | Fax: 614-728-7592
    Amanda.Narog@OhioAGO.gov

Andrew.McCartney@OhioAGO.gov

*Counsel for Defendant Bruce Vanderhoff*

Andrew.McCartney@OhioAGO.gov

*Counsel for Defendant Bruce Vanderhoff*

**CERTIFICATE OF SERVICE**

  I hereby certify that on December 8, 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties for whom counsel has entered an appearance by operation of the Court's electronic filing system. Parties may access this filing through the Court's system. I further certify that a copy of the foregoing has been served by e-mail or facsimile upon all parties for whom counsel has not yet entered an appearance.

               */s/ Andrew D. McCartney*
               ANDREW D. MCCARTNEY (0099853)
               Assistant Attorney General